UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:25-cv-00024

GENERALI – U.S. BRANCH,

           Plaintiff,

v.

AIRBNB, INC., CONSIDERING FIELDS, LLC, JOHN MICHAEL GARDNER AND MONICA HELDERMAN GARDNER, MARION ALLISON THARP, MEREDITH THARP, SHARON LACOURLEY, MARC LACOURLEY, JORDAN LACOURLEY, MARY HOLLY MCALISTER, JESSICA MCALISTER, HALLIE L. MARSHALL, CYNTHIA H. MUSSELWHITE, LAURA WILSON AND WESLEY JOE MARSHALL,
individually and as Guardian ad Litem for HAYES JOSEPH MARSHALL, a minor,

           Defendants.

**DEFENDANTS MARION ALLISON THARP AND MEREDITH THARPS RESPONSE TO PLAINTIFF GENERALI – U.S. BRACNH'S MOTION FOR LEAVE TO DEPOSIT INTERPLEADER FUNDS**

    Defendants Marion Allison Tharp and Meredith Tharp, the plaintiffs in *Tharp & Tharp v. Considering Fields, LLC,* et al., 23 CVS 369 (N.C. Super. Ct., Ashe Cty) ("the Ashe County Action), do not object in principle to Generali – U.S. Branch deposition funds to the Court that would cover *all* Generali's exposure arising out of the insurance contract.[1] However, the amount

---

[1] Tharps reserve all defenses and objections to the Interpleader Action itself. To the extent that the Action is not dismissed prior to the time for a responsive pleading, Plaintiffs reserve the right to move to dismiss the Interpleader Action as jurisdictionally, procedurally, or substantively deficient. By not objecting in principle to the deposit of funds, Tharps expressly do not waive any objection to the validity of the Interpleader Action itself.

listed in the motion, $987,500, is insufficient to cover Plaintiff's exposure under its contract of insurance with Defendants Considering Fields, LLC, John Michael Gardner, and Monica Helderman Gardner ("Underlying Defendants"). For this reason, Tharps oppose the Motion as submitted.

Furthermore, Tharps object to the deposit of these funds, which are a mere fraction of the funds available to pay a judgment against Underlying Defendants, being used as a basis for any stay or injunction of the Ashe County Action, which is currently set for trial on April 28, 2025. Tharps have complied in all respects with the scheduling orders entered in that Action and are prepared to try the case. Any effort to use this 11th hour Interpleader Action to delay or otherwise stymie trial of the Ashe County Action would be grossly prejudicial and unjust to Tharps.

### The Funds Do Not Represent the Full Amount in Controversy with Respect to Plaintiff Generali

Under the federal interpleader Statute, §1335, "**district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or . . . policy of insurance, or other instrument of value or amount of $500 or more . . .**" only when "the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court . . ." 28 U.S.C. § 1335 (2025). Thus, to perfect jurisdiction over the interpleader action, "the stakeholder must deposit a bond in the amount that the claimants 'are claiming or may claim to be entitled to.'" Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ambassador Grp., Inc., 691 F. Supp. 618, 621 (E.D.N.Y. 1988). Generali's failure to deposit the full amount of what the claimants *may* claim to be entitled to subjects the petition to dismissal.

In this case, there are a variety of claims or potential claims that exceed the amount of funds Generali seeks to deposit, which only amounts to the remainder of its bodily injury liability limits in the amount of $987,500.

First, Generali is not only required to provide coverage in the amount of the $987,500 remaining under its insurance policy, but is also responsible for court imposed costs and pre-judgment and post-judgment interest:

> We will pay with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
>
> \*\*\*
>
> e. All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.
>
> f. Prejudgment interest awarded against the insured on that part of the judgment that we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.
>
> g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in the court the part of the judgment that is within the applicable limit of insurance.
>
> These payments will not reduce the limits of insurance.

Generali Insurance Policy, Ex. 1, at 15-16. Here, Generali's $987,500 is insufficient to pay ***all*** of its obligations under the Policy related to these claims. It will be responsible for costs taxed against its insureds in the Tharp Action and the other state court lawsuits, in amounts to be determined after a judgment against their insureds. It will further be responsible for pre-judgment and post-judgment interest. Because the amount is insufficient, and does not constitute all funds owed under the Policy in question, the Motion to Deposit Funds must be denied.

3

Further, Generali may have independent liability related to the handling of the claims arising out of the deck collapse, including the Ashe County Action. Such liability may be owed to Underlying Defendants, which could be assigned to underlying plaintiffs to prosecute against Generali in California, as assignment of such claims is permitted under the laws of California.

Moreover, Generali's delay in filing the interpleader action, even if allowed, should subject it to interest for the pre-filing period during which Generali failed to seek interpleader, make payment, or otherwise diligently participate in the Ashe County Action in good faith. It is the general rule in interpleader actions to allow pre-filing interest in cases of unreasonable delay such as this one. See, e.g., <u>Bauer v. Uniroyal Tire Co.</u>, 630 F.2d 1287, 1290 (8th Cir. 1980) (collecting cases); see also, 7 Fed. Prac. & Proc. Civ. § 1716 (3d ed.) ("The court's discretion also extends to directing a dilatory stakeholder to deposit interest for the pre-action period during which the stakeholder failed to seek interpleader or make payment.").

Because the Motion to Deposit Funds does not account for ***all*** potential funds available under the Insurance Policy, the Motion must be Denied as submitted.

## **CONCLUSION**

Defendants Marion Allison Tharp and Meredith Tharp respectfully request the Court deny Plaintiff Generali's Motion for Leave to Deposit Interpleader Funds With The Court, as the Deposited Funds are less than "the amount of or the loan or other value of such instrument or the amount due under such obligation".

Tharps further vehemently object to the deposit of these funds being used in any way as a basis to stay the Ashe County Action, or for this Court to enjoin the Ashe County Action, for which there are other funds available to pay a judgment against the Underlying Defendants.

This the 26th day of February, 2025.

                                              ABRAMS & ABRAMS, P.A.

                                              /s/ Noah B. Abrams
Noah B. Abrams
State Bar Number 38735
Melissa N. Abrams
State Bar Number 43743
1526 Glenwood Ave.
Raleigh, NC 27608
Telephone: (919) 755-9166
Facsimile: (919)755-9396

DAVIES HOTHEM INJURY LAW
Kristy S. Davies
Georgia State Bar Number 731312
Dustin E. Davies 266071
Georgia State Bar Number
319 Boulevard Avenue NE
Gainesville, GA 30501

*Co-Counsel for Defendants Marion Allison Tharp And Meredith Tharps*

5

Case 5:25-cv-00024-SCR    Document 10    Filed 02/26/25    Page 5 of 7

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record as follows:

William A. Bulfer
Teague Campbell Dennis & Gorham, LLP
P.O. Box 19207
Raleigh, NC 27619
wbulfer@teaguecampbell.com

Sonia S. Waisman
(*pro hac vice* admission pending)
Musick, Peeler & Garrett LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071
s.waisman@musickpeeler.com
*Attorneys for Plaintiff*

Scott M. Anderson
Christian D. Connolly
**GRIMES TEICH ANDERSON LLP**
535 College Street
Asheville, NC 28801
anderson@gtalaw.net
connolly@gtalaw.net
*Attorneys for Defendants Mary Holly McAlister, Jessica McAlister, Hallie L. Marshall, Cynthia H. Musselwhite, Mark R. Musselwhite, Laura Wilson, Wesley Joe Marshall, individually and as Guardian ad Litem for Hayes Joseph Marshall*

Elise R. Sanguinetti
Matthew J. Kita
**ARIAS SANGUINETTI WANG & TEAM LLP**
2200 Powell Street, Suite 740
Emeryville, CA 94608
elise@aswtlawyers.com
matthew@aswtlawyers.com
*Attorneys for Sharon LaCourley, Marc LaCourley and Jordan LaCourley*

Karen Lynn Prodromo
**Fox Rothschild LLP**
345 California Street, Suite 2200
San Francisco, CA 94104
kprodromo@foxrothschild.com
*Attorney for Airbnb, Inc.*

Paul Culpepper
**Young, Morphis, Bach & Taylor, LLP**
Post Office Drawer 2428
Hickory, North Carolina 28603
PaulC@hickorylaw.com
*Attorney for Defendants John Michael Gardner, Monica Helderman Gardner and Considering Fields LLC*

This the 26th day of February, 2025.

                              ABRAMS & ABRAMS, P.A.

                              /s/ Noah B. Abrams
Noah B. Abrams
State Bar Number 38735
Melissa N. Abrams
State Bar Number 43743
1526 Glenwood Ave.
Raleigh, NC  27608
Telephone:     (919) 755-9166
Facsimile:      (919)755-9396

DAVIES HOTHEM INJURY LAW
Kristy S. Davies
Georgia State Bar Number 731312
Dustin E. Davies 266071
Georgia State Bar Number
319 Boulevard Avenue NE
Gainesville, GA 30501

*Co-Counsel for Defendants Marion Allison Tharp And Meredith Tharps*